# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CHAYA JONES,

    *Plaintiff,*

vs.                                                           Case No. 13-2385-EFM

NAOMI JONES, et al.,

    *Defendant.*

## MEMORANDUM AND ORDER

    Chaya Jones filed a civil complaint pro se against a variety of people on a court-provided form. As might be imagined, the form is rather cursory, but even in the context of that form she made quite cursory responses. For a "short and plain statement of the claim showing that plaintiff is entitled to relief" she simply stated "medical fraud, false imprisonment." The exact same statement was the only response provided for her statement of relief sought from the court. Virtually no other information was provided, including no information regarding the defendants, other than listing several defendants' names in the caption, and no statement of jurisdiction (the form provides options for diversity or federal question jurisdiction, including civil rights grounds, none of which were completed). Accordingly, Judge Waxse ordered Jones to show good cause in writing why the action should not be dismissed for failure to state a claim on which relief can be granted, or for lack of subject-matter jurisdiction.

Jones made a timely response, with a great deal more information. Her response identifies seven "cases" of which she complains of treatment, and for which she presumably seeks relief (although the relief sought is not clear). Briefly summarized, "Case A" complains that she called the police department (which one is not identified) regarding a domestic dispute with her mother, and was unhappy with the outcome of the police's involvement.[1] "Case B" complains that the Kansas City, Kansas Housing Authority damaged her personal property, didn't credit her rent correctly, and did not clean or repair the property. "Case C" very briefly complains that her mother took her to the KU Medical Center where she was admitted against her will for psychiatric treatment, and that "they" didn't listen to or respect her. "Case D" complains of her treatment following an arrest at the Kansas City, Kansas public library "for no reason" which lead to her being taken to the "Osawatomie Mental facility" and released through the Wyandot Center. "Case E" complains that her mother took her to the "Rainbow Mental facility" where "they did the same thing they did at KU Medical Center," and now she is at the Wyandot Center on "an outpatient court order" and no one is listening to her. This "case" provides the most detail, and the only explanation or reference to this action: "That is why I filed a federal court order according to the Constitution Amendment. These people violated my rights and I complain to them, but they just say I need it." "Case F" complains that she has been physically and mentally assaulted, though by whom and at what facility is not explained. "Case G" complains of a particular employee at Osawatomie who "put his hands on me when I was in high school."

---

[1] Although she identifies the police as "two Caucasian, male officers" it does not appear that her complaint regarding this situation involves either racial or gender issues. Indeed, the Court has no idea what Jones' race is, and is only inferring her gender, as she makes no race-based or gender-based discussion of any sort.

Even construing her pleadings liberally, as we are required to do in pro se cases, none of these "cases" states a claim upon which relief could be granted, nor can any plausible showing of federal subject matter jurisdiction be discerned from them. According, this case is dismissed, without prejudice.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED**, without prejudice, for failure to state a claim and for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

Dated this 8th day of October, 2013.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE